IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DREW A. JONES,

       Plaintiff,                              OPINION AND ORDER

      v.                                      07-cv-638-bbc

CONAGRA GROCERY PRODUCTS
COMPANY, LLC,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought pursuant to 42 U.S.C. § 1981 for monetary relief, plaintiff Drew Jones alleges that defendant ConAgra Grocery Products Company, LLC discriminated, harassed and retaliated against him because of his race in connection with his employment. Jurisdiction is present. 28 U.S.C. §§ 1331 and 1343.

Before the court is defendant's motion for partial summary judgment on the following grounds: 1) plaintiff's harassment claims for events occurring in 2002 and 2003 are time barred; 2) plaintiff cannot establish a prima facie case of retaliation because the alleged retaliatory acts were not materially adverse; 3) plaintiff is not entitled to front or back pay because he has been unable to work for medical reasons since January 10, 2005; and 4)

1

plaintiff is precluded from recovering punitive damages because defendant acted in good faith in establishing, implementing and enforcing its anti-discrimination policies. Dkt. ##23 and 28. Because plaintiff agrees that the relevant statute of limitations limits his claims to those arising from events occurring after November 6, 2003 and that he is not entitled to front or back pay for defendant's alleged discrimination and harassment, his claims will be limited accordingly. Defendant's motion will be denied in all other respects because I conclude that plaintiff suffered a materially adverse employment action and that a reasonable jury may find that he is entitled to punitive damages.

In his response brief, plaintiff asks this court to enter summary judgment sua sponte on his harassment claims. Dkt. #30. Defendant has moved to strike plaintiff's request, his proposed findings of fact, dkt. #32, and all supporting evidence, dkt. #33, as an attempt to file an untimely motion for summary judgment. Dkt. #34. Plaintiff has not opposed the motion. I agree that plaintiff's request for judgment constitutes an untimely motion for summary judgment and will disregard it, as well as plaintiff's proposed findings of fact and supporting evidence to the extent that they are not relevant to his opposition to defendant's summary judgment motion. Accordingly, defendant's motion to strike will be denied as unnecessary.

For the purpose of deciding this motion, I find that there is no genuine dispute as to the following material facts proposed by the parties.

UNDISPUTED FACTS

Defendant ConAgra is a Delaware corporation that operates a production facility in Menomonie, Wisconsin, where it manufactures "ready to eat" pudding and gelatin products, powdered cocoa and dried milk and creamers. Plaintiff began working at ConAgra's Menomonie facility in October 1990 as an operator in the dry packaging department. Plaintiff is the only African American employee at the Menomonie facility.

At all times relevant to this lawsuit, defendant has had a policy against harassment and retaliation and a code of conduct. Employees in the dry packaging department at the Menomonie facility underwent training on these policies on March 4, 2004.

On November 20, 2004, plaintiff reported that he was experiencing pain in his left knee while performing his job duties. He later visited his doctor for an evaluation. On or about December 13, 2004, plaintiff's doctor informed defendant that plaintiff could not perform "his essential job functions" and was limited to light work. Plaintiff remained on light work duty from December 14, 2004 through January 9, 2005, when his worker's compensation claim was denied. Plaintiff has been on a medical leave of absence since January 10, 2005. Defendant paid plaintiff short-term disability benefits for 26 weeks and unemployment benefits. In September 2005, plaintiff began receiving disability insurance benefits from the Social Security Administration.

3

On March 14, 2005, plaintiff met with Curt Boraas, defendant's human resources manager, and reported that he had been subjected to harassment and discrimination on the basis of his race during his employment. Plaintiff reported that during the time he was working light duty (from December 2004 through January 2005), co-workers Larry Asher and Jim Asher had put signs on his cleaning cart that stated "Shoe Shine Boy" and "Half-White, Will Travel." He also stated that while on light duty, he was responsible for interviewing employees to find out whether they had suggestions for improving operations. When asked for input, Dan Bridgford, a co-worker, responded "no colored people allowed." Plaintiff also told Boraas that Steve Suckow, a co-worker, referred to him as "house nigger" and "dark honkey."

On previous occasions, Bridgford had called plaintiff "nigger" and told plaintiff that he could find him in the dark with a 30.06 rifle. Bridgford and Garry Anderson made comments to plaintiff about going "coon hunting." (The parties dispute whether Suckow also made similar comments about coon hunting.) Plaintiff did not tell Boraas about these previous comments in his March 14, 2005 report. Plaintiff has never heard nor is he aware of any racially derogatory remarks being made by defendant's supervisors or managers.

After receiving plaintiff's complaint on March 14, 2005, defendant initiated an investigation and interviewed several employees over the course of a couple of months. Records of the various interviews and meetings do not indicate whether witnesses were asked

4

how frequently any of the alleged harassment occurred. On April 11, 2005, plaintiff told Boraas that he had filed a racial harassment and discrimination complaint with the state Equal Rights Division.

While plaintiff was on medical leave in the spring of 2005, he often stopped by the break room at the facility to have a cigarette. In May 2005, Boraas told plaintiff that he should not come into the plant for a while because employees might be hostile toward him. Plaintiff was told to pick up his disability check at the security gate. Defendant later changed the facility's security codes, limiting plaintiff's access to the facility during the time that he was on medical leave.

On June 1, 2005, defendant took disciplinary action, including termination in some cases, against those employees who violated its discrimination and harassment policies. Defendant did not receive any similar complaints of discrimination or harassment in the workplace after this occurred.

On or about June 14, 2005, defendant's management personnel interviewed a number of employees about complaints that plaintiff had made inappropriate sexual comments in the workplace. One complainant, Kaye Edgeman, stated that plaintiff asked her if she "ever had a black one before" and "ever tried oral sex." During another interview, Sandy Dye reported that Suckow would call plaintiff his "black coon" and that plaintiff referred to Suckow as "white cracker" and "gimpy." She also stated that Suckow and plaintiff had been

5

friends for 30 years. In a June 27, 2005 letter to plaintiff, Boraas provided plaintiff with written notice of defendant's sexual harassment policy and the expectation that plaintiff fully comply with it. Plaintiff did not receive any discipline in response to these complaints.

OPINION

A. Standard of Review

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 322-23 (1986). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, in order to avoid summary judgment, the non-moving party must supply sufficient evidence for each essential element of its case to allow a reasonable jury to render a verdict in his favor. Kampmier v. Emeritus Corporation, 472 F.3d 930, 936 (7th Cir. 2007); Sanchez v. Henderson, 188 F.3d 740, 743 (7th Cir. 1999). The mere existence of some alleged factual dispute is insufficient to defeat a properly supported motion for summary judgment. Liu v. T & H Machine, Inc., 191 F.3d 790, 796 (7th Cir. 1999). "Factual disputes are 'material' only when they 'might affect the outcome of the suit under the governing law.'" Borcky v. Maytag Corporation, 248 F.3d 691, 695

6

(7th Cir. 2001) (quoting <u>Oest v. Illinois Department of Corrections</u>, 240 F.3d 605, 610 (7th Cir. 2001)).

### B. <u>Statute of Limitations</u>

Defendant asserts that because discrimination and harassment claims brought under § 1981 are subject to a four-year statute of limitations period, plaintiff is precluded from bringing any claims arising from events occurring before November 6, 2003. 28 U.S.C. § 1658; <u>Jones v. R.R. Donnelley & Sons Company</u>, 541 U.S. 369, 382 (2004). Plaintiff agrees. Although most of the events described in the complaint occurred in or after 2004, plaintiff alleged in his complaint that he was treated unfairly in September 2002. Dkt. #1. Defendant also points out that plaintiff's answers to its interrogatories describe allegedly illegal activities that occurred in 2003. Dkt. #37 at 4-5. Plaintiff may not seek relief on any claim that arises from events occurring before November 6, 2003.

### C. <u>Retaliation</u>

Under 42 U.S.C. § 1981, "all persons" in the United States have "the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." Although § 1981 does not address the problem of retaliation in the workplace directly, the Supreme Court has made it clear that § 1981 encompasses retaliation claims, including those

related to employment.  CBOCS West, Inc. v. Humphries, 128 S.Ct. 1951 (2008), aff'g Humphries v. CBOCS West, Inc., 474 F.3d 387 (7th Cir. 2007).  The Court of Appeals for the Seventh Circuit applies the same prima facie requirements to retaliation and discrimination claims brought under Title VII of the Civil Rights Act and § 1981. Humphries, 474 F.3d at 403-04 (citations omitted).  Among other things, it requires a plaintiff to show that his employer took a materially adverse action against him.  Id.

The only question raised by defendant's motion for summary judgment is whether plaintiff has adduced evidence from which a reasonable jury could find that the alleged retaliatory actions were materially adverse, that is, the alleged retaliatory conduct was capable of dissuading a reasonable person from reporting racial discrimination or harassment.  Henry v. Milwaukee County, 539 F.3d 573, 586 (7th Cir. 2008).  "The Supreme Court has emphasized the necessity of separating 'significant from trivial harms.'" Id. (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).  "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work."  Burlington, 548 U.S. at 68.

In this case, plaintiff alleges that after he complained about racial discrimination and harassment in 2005, defendant conducted an improper investigation of sexual harassment complaints made against him and denied him access to the facility, forcing him to pick up

8

his disability checks from the security gate. Defendant asserts that neither action would dissuade a reasonable person from reporting racial harassment or discrimination. Defendant argues that it was a mere inconvenience for plaintiff to have to pick up his checks from the security gate and that plaintiff suffered no adverse effect from the sexual harassment investigation because he was not disciplined.

Construing the facts and drawing all reasonable inferences in plaintiff's favor, I cannot say that either of defendant's actions would not dissuade a reasonable person from reporting racial discrimination or harassment. If motivated by retaliation (which was not at issue on summary judgment), the investigation of an African American man for complaints of sexual harassment brought by white women amounts to more than a petty slight or minor annoyance. Even though plaintiff was not disciplined for sexual harassment, the allegations alone carry a significant stigma and could be severe enough to affect a person's employment and reputation. McDaniels v. Flick, 59 F.3d 446, 455 (3d Cir. 1995) (discussing stigma of sexual harassment allegations); Tweedall v. Fritz, 987 F. Supp. 1126, 1130 n. 8 (S.D. Ind. 1997) (recognizing same). For these reasons, I am satisfied that allegations of sexual harassment could dissuade a reasonable person from filing a discrimination or harassment complaint.

9

Defendant is correct that plaintiff is not immune from investigation for sexual harassment just because he filed an earlier discrimination and harassment complaint. Argyropoulos v. City of Alton, 539 F.3d 724, 734 (7th Cir. 2008) ("inappropriate workplace activities are not legitimized by an earlier-filed complaint of discrimination"). However, plaintiff alleges that defendant's investigation of him was motivated by his complaints. Just as an employee is not immune from a legitimate harassment investigation, an employer is not free to make baseless charges or use an employment policy against an employee as retaliation for complaining about discrimination. McDonnell v. Cisneros, 84 F.3d 256, 260 (7th Cir. 1996) (noting in dicta that baseless accusations of sexual harassment could be a form of sexual harassment by themselves); Friedel v. City of Madison, 832 F.2d 965, 974 (7th Cir. 1987) (noting that defendant would be liable if it used its policy as pretext to discriminate against plaintiffs); see also Kipnis v. Baram, 949 F. Supp. 618, 623 (N.D. Ill. 1996) (citing McDonnell for premise that departure from complaint procedure could establish Title VII claim). Because defendant did not argue in its motion for summary judgment that plaintiff had not adduced sufficient evidence to show retaliatory intent, I cannot consider that issue. Accordingly, plaintiff may proceed to trial on his retaliation claim because a jury reasonably could infer that a sexual harassment investigation is a materially adverse action.

Defendant's other alleged retaliatory act is not as serious. However, given that plaintiff will be allowed to proceed with his retaliation claim at trial, there is no reason to limit the conduct that he is challenging as retaliatory.

### D. Damages

In his complaint, plaintiff seeks compensatory and punitive damages. Both parties agree that plaintiff is not entitled to recover back or front pay on any of his claims because he has received disability benefits almost continuously since he stopped working on January 10, 2005.

With respect to punitive damages, plaintiff must demonstrate that defendant engaged in intentional discrimination with malice or reckless indifference to plaintiff's rights. 42 U.S.C. §§ 1981a(a)(1) and (b)(1). However, an employer may avoid liability for punitive damages if it can show that it engaged in good faith efforts to implement an antidiscrimination policy. Lampley v. Onyx Acceptance Corporation, 340 F.3d 478, 482 (7th Cir. 2003) (citing Kolstad v. American Dental Association, 527 U.S. 526, 545 (1999)). Defendant asserts that it engaged in multiple good faith efforts to implement and enforce its anti-discrimination policies, including adopting written policies that it distributed to employees and reiterated in training programs in 2004 and taking effective and decisive

11

action in response to plaintiff's complaints. Essentially, defendant is arguing that its evidence demonstrates its good faith as a matter of law, leaving no issue for the jury.

I find defendant's argument premature. The merits of plaintiff's underlying discrimination and harassment complaints have not been heard. Even in the case cited by defendant in support of its argument, the determination to award punitive damages was made after trial and not on summary judgment. <u>Bryant v. Aiken Regional Medical Centers, Inc.</u>, 333 F.3d 536, 548 (4th Cir. 2003) (punitive damages involves jury's almost unconstrained judgment or policy choice about severity of penalty given its underlying factual determinations about defendant's conduct) (citing <u>Atlas Food Systems and Services v. Crane National Vendors</u>, 99 F.3d 587, 594 (4th Cir. 1996)). The jury will be in a much better position after hearing all of the evidence to determine whether defendant acted in good faith.

## ORDER

IT IS ORDERED that:

1. Defendant ConAgra's motion for partial summary judgment, dkt. #23, is GRANTED IN PART. To the extent that any of plaintiff Drew Jones's claims rely on defendant's conduct occurring before November 6, 2003, they are DISMISSED. The

complaint is DISMISSED as to plaintiff's claims for back pay and front pay. Defendant's motion is DENIED in all other respects.

    2. Defendant's motion to strike is DENIED as unnecessary.

Entered this 23rd day of March, 2009.

                              BY THE COURT:

                              /s/
                              _____
                              BARBARA B. CRABB
                              District Judge